IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MICHAEL TAYLOR,

        Plaintiff,

vs.                               **Case No. 09-4154-RDR**

THE HELPING HAND OF
GOODWILL INDUSTRIES, INC.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a complaint alleging discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as well as defamation and outrage claims under Kansas law. Plaintiff alleges that he worked for defendant as a janitor, beginning in January 2008 and was terminated because of his race in February 2009. He asserts that he was the subject of a "pornographic video text" sent from his assistant project manager to his immediate supervisor. Doc. No. 1, ¶ 13. Plaintiff further alleges that his supervisor informed him that ethnic slurs were being used to describe him and that he has witnesses who will state that members of management were complicit in sexual and racial discrimination against plaintiff. Plaintiff contends that he complained of bias, discrimination and adverse treatment at work. He asserts that from "the time of his complaint to the date of his termination in February 2009, plaintiff was treated differently than other employees similarly situated." Doc. No. 1, ¶ 17. The

complaint states that plaintiff was denied opportunities to work overtime, even though he was qualified to do the work and had expressed interest in doing so.

The complaint further alleges that plaintiff was terminated and subjected to adverse changes in employment, including reduction of hours, because of his race. The complaint also asserts that he was disciplined and terminated without cause because of his complaints of sex and race discrimination. Plaintiff specifically claims that a supervisor named Jo Fisher treated plaintiff differently than other similarly situated individuals.

In the count alleging defamation, plaintiff asserts that the transmission of the pornographic picture indicating that plaintiff was engaged in a lewd act constituted a false statement portraying plaintiff in a negative light and subjecting him to public ridicule. In the count alleging outrageous conduct, plaintiff contends that defendant's conduct caused him to suffer ridicule, embarrassment and shame and that defendant's actions "were wanton, willful, committed with malice, and undertaken with reckless indifference to plaintiff's rights under the law." Doc. No. 1, ¶ 36.

This case is before the court upon defendant's motion for judgment on the pleadings. The parties agree that the standard to apply to the complaint vis-a-vis defendant's motion is the same standard for motions to dismiss under FED.R.CIV.P. 12(b)(6). The

court, assuming the complaint's factual allegations are true, must decide whether those allegations contain sufficient facts to state a claim for relief which is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Plausibility" does not require a showing of probability that defendant has violated the law, but it does require more than "a sheer possibility." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Complaints must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Thus, the "plausibility" standard refers to the scope of allegations in a complaint and rejects allegations which "are so general that they encompass a wide swath of conduct, much of it innocent," thereby weeding out claims that do not have a reasonable prospect of success as well as informing the defendant of the actual grounds of the plaintiff's claim. Robbins, 519 F.3d at 1247-48.

Count 1 - Race discrimination in violation of Title VII

The first count of the complaint alleges employment discrimination on the basis of plaintiff's race. The complaint alleges that ethnic slurs were used to describe plaintiff; that he was treated differently than other similarly situated employees; that he was denied opportunities to work overtime; and that he was subjected to "adverse changes in employment conditions, including

3

reduction in hours, and termination in employment." Doc. No. 1, ¶ 21.

"A discriminatory-treatment claim comprises two elements: an employment practice, and discriminatory intent." Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 631 (2007). A plaintiff need not plead a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) in order to survive a motion to dismiss; the prima facie case elements comprise an evidentiary standard not a pleading requirement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). The complaint in this case alleges an adverse employment practice or practices as well as discriminatory intent. There are enough facts alleged to persuade the court that plaintiff has stated a plausible claim. Therefore, the court shall reject defendant's motion as it relates to Count 1 of the complaint.

Count 2 - Retaliation in violation of Title VII

The second count of the complaint alleges retaliation in response to plaintiff's complaints. Plaintiff asserts that he complained of bias, discrimination and adverse treatment at work. More specifically, he alleges that he reported a violation to Tom Dooley, a vice president for defendant, on or about July or August 2008. He further claims that a supervisor harassed plaintiff and treated plaintiff differently than similarly situated employees. Plaintiff also claims that he was disciplined and terminated

4

without cause subsequent to his complaints of sex and race discrimination.

The elements of a retaliation claim under Title VII are that: 1) plaintiff was engaged in opposition to Title VII discrimination; 2) plaintiff was subject to an adverse employment action; and 3) a causal connection exists between the protected activity and the adverse employment action. Jones v. Barnhart, 349 F.3d 1260, 1269 (10th Cir. 2003). The court believes the complaint alleges a plausible claim of retaliation. The complaint asserts facts indicating that plaintiff opposed Title VII discrimination and that plaintiff was subject to adverse employment action. Plaintiff also alleges facts which indicate more than a sheer possibility of a causal connection between the protected activity and the adverse employment action.

Defendant asserts that there is a lengthy time gap between plaintiff's alleged report of discrimination and his termination which prevents any implication of a causal connection. This argument relies upon a decision analyzing evidence upon a summary judgment motion, not a motion to dismiss. Bergersen v. Shelter Mutual Ins. Co., 229 Fed.Appx. 750, 2007 WL 1196516 (10th Cir. 4/24/2007). Plaintiff is not obliged to satisfy a burden of production upon a motion to dismiss. At this stage, plaintiff is only obliged to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests; later summary

5

judgment can be employed to dispose of unmeritorious claims. Swierkiewicz, 534 U.S. at 512. The court believes plaintiff has given defendant fair notice of his Title VII retaliation claim under the guidelines of Twombly, Iqbal and Swierkiewicz.

Count 3 - Defamation

Plaintiff alleges in Count 3 that on or about July 2008, defendant, through the acts of a supervisor, transmitted a pornographic image portraying plaintiff engaged in a lewd act and thereby placed plaintiff in a false and negative light and subjected him to public ridicule.

Defendant essentially makes two arguments for dismissal. First, defendant asserts that plaintiff's defamation claim is couched in legal conclusions without pleading sufficient factual support for the claim that "the publication, in whatever form, was pornographic or how it portrayed him in a negative light and subjected him to ridicule." Doc. No. 14, pp. 8-9. The court believes plaintiff has made a sufficient factual recitation to support more than a "sheer possibility" of defamation. Plaintiff claims that a communication was transmitted by a supervisor which falsely portrayed plaintiff as engaging in a lewd act. Plaintiff further describes the communication as pornographic. The court believes these allegations transcend bare legal conclusions. Therefore, the court shall reject defendant's first argument for dismissal of the defamation claim.

Defendant's second argument is that plaintiff has failed to properly allege special damages as required for his defamation claim under Kansas law. There is no dispute that special damages must be pleaded under Kansas law. See Woodmont Corp. v. Rockwood Center Partnership, 811 F.Supp. 1478, 1483-84 (D.Kan. 1993). Rule 9(g) of the Federal Rules of Civil Procedure requires that items of special damages be "specifically stated." "Most courts now take the position that allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim, although some federal courts still require the elements of special damages to be alleged in sufficient detail to inform the district court of the substance of the claim." Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1311 at p. 354-56 (2004). The latter test is more appropriate in situations, such as in the case at bar, where special damages must be alleged to state a claim for relief. Id. at p. 356.

Special damages do not have to be quantifiable in monetary terms. Moran v. State, 985 P.2d 127, 137-38 (Kan. 1999).

> "'[A]ctual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.'"

Id. at 138 (quoting, Gertz v. Robert Welch, Inc., 418 U.S. 323, 349-50 (1974)). Plaintiff alleges ridicule, embarrassment and

shame. The court believes that these are types of special damages. We further find that the allegations are sufficient to satisfy the requirements of Kansas law and FED.R.CIV.P. 9(g). See <u>Folkers v. American Massage Therapy Association, Inc.</u>, 2004 WL 306913 (D.Kan. 2/10/2004) (allegations that defendant made a false statement that plaintiff committed an illegal act and published the statement on a website which would be viewed by an "extraordinary number of people" were sufficient to allege special damages); <u>Koerner v. Lawler</u>, 304 P.2d 926, 929 (Kan. 1956) (requirement of pleading special damages is satisfied because it could be reasonably inferred from complaint that publication of allegedly false statements would cause plaintiff to suffer damage in his profession); see also, <u>Everco Industries, Inc. v. O.E.M. Products Co.</u>, 63 F.R.D. 662, 666 (N.D.Ill. 1974) (allegation of special damages is sufficient when it notifies the defendant of the nature of the claimed damages even though it does not delineate them with as great precision as might be possible or desirable); but see, <u>Woodmont Corp.</u>, 811 F.Supp. at 1484 (general allegations that statements damaged plaintiff's business reputation are not sufficient to satisfy Rule 9(g)).

<u>Count 4 - Outrage</u>

Defendant alleges that plaintiff has failed to state a claim for the tort of intentional infliction of emotional distress or outrage. To prove the tort of outrage under Kansas law, a litigant

8

must show the following:

> (1) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe.

Ammon v. Baron Automotive Group, 270 F.Supp.2d 1293, 1313 (D.Kan. 2003); Smith v. Welch, 967 P.2d 727, 733 (Kan. 1998). Conduct is not extreme and outrageous unless a civilized society would regard it as exceeding the bounds of decency or utterly intolerable. White v. Midwest Office Tech., Inc., 5 F.Supp.2d 936, 953 (D.Kan. 1998); Wiehe v. Kukal, 592 P.2d 860, 864-65 (Kan. 1979) (threatening with the pitchfork while ranting and raving is not extreme and outrageous). Courts routinely have dismissed claims of outrage when all the elements were not alleged or when the alleged conduct could not be considered extreme and outrageous. Gudenkauf v. Stauffer Communications, Inc., 922 F.Supp. 461, 464-65 (D.Kan.1996) (citations omitted).

Defendant contends in part that plaintiff's allegations do not describe a claim of extreme and outrageous behavior which could satisfy the threshold for a claim of outrage under Kansas law. Plaintiff simply disagrees, stating that "[t]o imply that an individual was engaged in a lewd act comprising a pornographic video is an extreme, outrageous allegation." Doc. No. 15 at p. 9. The court sides with defendant on this issue.

In Ammon, the court held that the alleged failure of the

defendant to remedy a sexually hostile work environment did not rise to the level of outrage. The court noted:

> Kansas courts have been extremely reluctant to extend actions for outrage to employment discrimination and sexual harassment claims. . . . A hostile work environment sufficient to support a Title VII claim does not necessarily require a finding of outrageous conduct. . . . Kansas courts have rarely found conduct to be sufficiently outrageous to survive summary judgment, and those claims which have survived involved highly shocking and egregious conduct such as repeated physical threats and racially or sexually abusive language.

270 F.Supp.2d at 1313-14 (case citations omitted). Courts from other districts have reached similar results. In Glover v. Oppleman, 178 F.Supp.2d 622, 642-43 (W.D.Va. 2001), the court held that a supervisor's constant telling of dirty jokes, explicit comments and unwanted kissing and fondling of a female employee was not "outrageous enough" to support a claim for intentional infliction of emotional distress). In Pucci v. US Air, 940 F.Supp. 305, 308-09 (M.D.Fla. 1996), the court held that sexual harassment which included the placement of pornographic photographs in the plaintiff's desk on multiple occasions did not rise to the level of outrage.

In the case at bar, plaintiff's allegations are either not so extreme or insufficiently detailed for this court to say that he has made a plausible claim of outrage. Based upon the allegations in the complaint, the court would say that success is less than a sheer possibility. Accordingly, the court shall grant defendant's motion as to the outrage claim unless plaintiff files an amended

complaint within 15 days of the date of this order to more adequately state a claim of outrage.  See <u>Caputo v. Professional Recovery Services, Inc.</u>, 2002 WL 576072 (D.Kan. 2002) (granting leave to file an amended complaint to cure pleading deficiencies as to a claim of outrage); <u>Moten v. American Linen Supply Co.</u>, 155 F.R.D. 202, 205 (D.Kan.1994) (same).

<u>Conclusion</u>

In conclusion, the court shall grant defendant's motion for judgment on the pleadings as to Count 4 of the complaint, unless plaintiff files an amended complaint within 15 days of the date of this order to more adequately state a claim of outrage. Defendant's motion is denied as to Counts 1, 2 and 3 of the complaint.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2010 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge